# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

Spencer Boulware

**WARRANT FOR ARREST**

**FILED**
DEC 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No. DKC 93-CR-0492

07-635 m

TO: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Spencer Boulware and bring him/her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition

charging him/her with (brief description of offense):

Violation of the Statutory Condition which states that the defendant shall not illegally possess a controlled substance

RECEIVED
U.S. MARSHALS
GREENBELT, MARYLAND
2007 NOV -5 A 10:07

Felicia C. Cannon
Name of Issuing Officer

_(signature)_
(By) Deputy Clerk

Clerk, U.S. District Court
Title of Issuing Officer

November 6, 2007     Greenbelt, MD
Date and Location

Bail fixed at $ No Recommendation

by Deborah K. Chasanow, U.S. District Judge
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at WASHINGTON D.C. |

| Date Received | 12/17/07 | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|---|
| Date of Arrest | 12/17/07 | DUSM G.P. BAXTER | _(signature)_ |

U.S. DISTRICT COURT (Rev. 12/98)

PROB 12
(Rev 3/89)

# United States District Court
## for the
## DISTRICT OF MARYLAND

> \* Statutory maximum term of imprisonment upon revocation is 15 years pursuant to 18 U.S.C. § 3583(e)(3)

U.S.A vs. Spencer Boulware

Docket No.: 1:93CR00492

### Petition on Supervised Release

COMES NOW Angela E. Barnes PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Spencer Boulware who was placed on supervision for, a Class A felony\*, by the Honorable Deborah K. Chasanow, U.S. District Judge, sitting in the court at Greenbelt, Maryland, on the 19th day of May, 1994 who fixed the period of supervision at 4 year(s) \*\*, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

\*\* Committed to custody of Bureau of Prisons for 121 months, followed by supervised release for a term of 4 year(s)

The defendant shall pay a special assessment amount of $50

1. The defendant shall not possess a firearm or destructive device.
2. The defendant shall attend a substance abuse program as directed by probation.
3. The Court does not impose a fine.

On November 27, 2006, the additional conditions were added as per U.S. District Judge, Deborah K. Chasanow.

5. The defendant shall perform 40 hours of community service.
6. Substance abuse treatment as deemed necessary by the probation officer.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS
(If alien offender, specifically note on separate sheet and attach)

WHEREAS:   Mr. Boulware in violation of the Statutory Condition which states that the defendant shall not illegally possess a controlled substance.

PRAYING THAT THE COURT WILL ORDER that a warrant be issued for the arrest of Spencer Boulware and lodged as a detainer.

ORDER OF COURT
Considered and ordered as prayed this 16th day of _____, 2007 and ordered filed and made a part of the records in the above case

_Deborah K. Chasanow_
U.S. District Judge

I hereby attest and certify on 11/28/07 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
_____ Deputy

I declare under penalty of perjury that the foregoing is true and correct.

_Angela E. Barnes_, U.S. Probation Officer

Reviewed and Approved By:

_Madeline Gill_, Supervisory U.S. Probation Officer

Place Greenbelt, Maryland

Date August 13, 2007

**U.S. Probation and Pretrial Services**
# MEMORANDUM

DATE: August 8, 2007

TO: Deborah K. Chasanow
U.S. District Judge

FROM: Angela Barnes
U.S. Probation Officer

RE: BOULWARE, Spencer
Docket No.: DKC-93-0492
Exp. Date: 10/18/2007

SUBJ: **ADDITIONAL VIOLATION REPORT/HEARING REQUESTED**

Mr. Spencer Boulware appeared before The Honorable John R. Hargrove on May 19, 1994, for sentencing after a plea of guilty to Felon in Possession of Firearm. He was sentenced to one hundred twenty-one months incarceration followed by a four-year term of supervised release. The following special condition was imposed: (1) $50 Special Assessment due in full immediately; (2) The defendant shall not possess a firearm or destructive device; (3) The defendant shall attend a substance abuse program as directed by probation; (4) The Court does not impose a fine. Supervised release began on October 19, 2002, with an expiration date of October 18, 2007.

Your Honor may recall that a Initial Appearance Hearing was held on July 27, 2007, at which time Mr. Boulware's Supervised Release conditions were amended to include the following: (1) The defendant is directed to report to the Probation Officer every Monday between 7:00 a.m. and 3:00 p.m. for urinalysis screening and is further directed to call the Probation Officer after 7:00 a.m. to advise her when he intends to arrive at her office
A conference call between all parties is scheduled for August 20, 2007, at 10:00 a.m.

Reference is made to the attached petition in which Mr. Boulware is charged with the additional violation of supervised release.

4. **The defendant shall not illegally use or possess a controlled substance, in violation of statutory conditions.**

On August 1, 2007, Mr. Boulware tested positive for cocaine and morphine. Mr. Boulware did not admit to the use of illegal substances. Therefore, the urine specimen was sent to the laboratory for confirmation. The laboratory results were returned positive for cocaine and morphine.

Boulware, Spencer
Memorandum
Page 2

On August 6, 2007, Mr. Boulware reported to the Probation Office as instructed. As this officer was scheduled to be in Court in the morning, Senior United States Probation Officer Marrell Harden was available to conduct the urinalysis test. At the time of the test, Mr. Boulware reported that he was unable to void. He was instructed to sit in the waiting area and inform the receptionist when he was "ready". Mr. Boulware left the Probation Office prior to submitting to urinalysis. He failed to advise anyone of his departure.

We attempted to contact Mr. Boulware by telephone. Our attempts were unsuccessful. A voice mail message was left instructing him to report on August 8, 2007, at 9:00. Mr. Boulware failed to report as instructed.

On August 13, 2007, we contacted the D.C. Superior Court Criminal Records Division and were advised that Mr. Boulware failed to appear in Court on August 10, 2007. A bench warrant has been issued for his arrest.

In light of the aforementioned information, it appears that Mr. Boulware continues to be non compliant. Therefore, we respectfully request that the additional violation be included in the previous violation petition. Additionally, we request that a warrant be issued for the arrest of Mr. Boulware and lodged as a detainer.

The U. S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporates amendments effective November 1, 1991, et. seq. Additionally, 18 U.S.C. 3553 © requires the Court to state the reasons for its imposition of a particular revocation sentence.

Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission, in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR (3583(b) Class A or B Felony: 5 years, ; Class C or D Felony: 3 years; Class E Felony or Misdemeanor - 1 (year), less any term of imprisonment that was imposed upon revocation.

Boulware, Spencer
Memorandum
Page 3

Revised section 18 U.S.C. 3583 (e)(3) gives the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or 1 year in any other case.*

Mr. Boulware's address of record is

Enclosure:  Probation Form 12
            Violation Worksheet

*Subsection added 5/24/00